UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GLENN E. LUXICH AND TAMMY M. LUXICH                    PLAINTIFFS

VS.                              CIVIL ACTION NO. 3:08cv656TSL-JCS

BALBOA INSURANCE COMPANY,
COMEAUX INSURANCE AGENCY, LLC                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiffs Glenn E. Luxich and Tammy M. Luxich to remand pursuant to 28 U.S.C. § 1447. Defendant Balboa Insurance Company has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that plaintiffs' motion to remand should be granted.[1]

At the time Hurricane Katrina hit the Mississippi Gulf Coast on August 29, 2005, plaintiffs owned a home in Bay St. Louis, Mississippi which was covered by a homeowner's policy issued by defendant Balboa Insurance Company (Balboa). Following the hurricane, plaintiffs made a claim under the policy for damage sustained to the home as a result of the winds from Hurricane Katrina. According to plaintiffs' complaint, notwithstanding that the home sustained "direct physical loss" which was clearly covered by Balboa's policy, Balboa and Comeaux, the local agent who procured the Balboa policy for plaintiffs, wrongfully denied

---

[1] Balboa has also moved for leave to file surrebuttal. That motion is granted.

their claim for benefits.  Thus, on August 28, 2008, plaintiffs filed the present lawsuit against Balboa and Comeaux in the Circuit Court of Hinds County, Mississippi to recover compensatory damages (including policy benefits), totaling $60,000, together with punitive damages of $10,000 for defendants' alleged wrongful denial of coverage.  Balboa timely removed the case pursuant to 28 U.S.C. § 1446 on the basis of diversity jurisdiction, contending the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction and that there is complete diversity of citizenship inasmuch as defendant Comeaux has been fraudulently joined.  See 28 U.S.C. § 1332 (requirements for jurisdiction based on diversity of citizenship).  Plaintiffs promptly moved to remand, arguing that the amount in controversy, as limited by and evident from the face of their complaint, is $70,000, i.e., less than the jurisdictional minimum for federal diversity jurisdiction, and contending further that they have alleged one or more viable claims against the nondiverse defendant, Comeaux, so that there has been no fraudulent joinder.  The court has thoroughly considered the parties' arguments and submissions, and while it is apparent to the court that plaintiffs have no reasonable possibility of establishing any claim against Comeaux so that this defendant has been fraudulently joined, remand is nevertheless in order since in the court's opinion, the amount in controversy does not meet the $75,000 threshold for federal diversity jurisdiction.

In their motion to remand, plaintiffs have argued that the amount in controversy, as apparent from the face of their complaint, is $70,000, as they have demanded $60,000 in actual damages and punitive damages of $10,000. In an effort to further substantiate their position as to the amount in controversy, plaintiffs have included with their rebuttal an affidavit in which they declare they are "seeking damages in the amount of ... $70,000," they "are not seeking damages in amount greater than ... $70,000," they "do not have any intention, at this time, to seek damages in this lawsuit in excess of $70,000," and they "do not have any intention of amending the Complaint at this time to seek damages in excess of ... $70,000." In the court's opinion, however, the amount in controversy does not exceed the requisite $75,000 for diversity jurisdiction.

For their part, Balboa argues in response to plaintiffs' motion that the amount in controversy vastly exceeds $75,000, since plaintiffs have included in their complaint five separate counts with attendant claims for damages which, Balboa submits, are properly aggregated in determining the amount in controversy. See Synder v. Harris, 394 U.S. 332, 335 (1969) (aggregation permitted where a single plaintiff seeks to aggregate two or more claims against a single defendant); Howard v. Globe Life Ins. Co., 973 F. Supp. 1412, 1418 (N.D. Fla. 1996) ("multiple claims for relief can and should be considered together in determining the amount in controversy"). In this vein, Balboa argues that when the demands for $60,000 actual damages and $10,000 punitive

3

damages in each of four of the five counts in plaintiffs' complaint are aggregated, the damages demand is well above $75,000. It contends, additionally, that even without aggregation, the amount in controversy exceeds $75,000 based on another count in plaintiffs' complaint by which they seek a declaratory judgment that they are entitled to full policy benefits. Balboa argues that since the limits of liability for all coverage under the challenged policy are nearly $200,000, the requested declaratory judgment alone satisfies the amount in controversy requirement. See Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002) ("In an action for declaratory relief, the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented.") (citing Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983)). Finally, Balboa argues that even without aggregation of the individual counts, plaintiffs' demand for $60,000 actual damages and $10,000 punitive damages satisfies the amount in controversy for diversity jurisdiction in light of the rule that "[i]n suits involving multiple plaintiffs seeking punitive damages under Mississippi law, the court is required to aggregate the plaintiffs' claims for punitive damages in determining the amount in controversy." Bland v. Fleet Finance, 2003 WL 22244407, 2 (N.D. Miss. 2003) (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1330 (5th Cir. 1995)). See Allen, 63 F.3d at 1334-35 (holding that the nature of punitive damages under Mississippi law requires that punitive damage claims of all plaintiffs in a

4

Mississippi multi-plaintiff action be aggregated, with the entire amount of punitive damages sought being allocated to each plaintiff in order to determine the amount in controversy).

The court rejects defendant's argument that plaintiffs' declaratory judgment demand meets the amount in controversy. Contrary to defendant's assertion, plaintiffs have not demanded that the court declare they are entitled to "full benefits under the Policy." Rather, plaintiffs have sought a declaratory judgment that defendants owe them "for the damages *as asserted in their Complaint*." (emphasis added). They have not purported to seek as damages "full benefits under the Policy" or the policy's limits of liability. Rather, they have sought actual damages of $60,000.

The court also rejects Balboa's argument that each count of plaintiffs' complaint constitutes a separate damages demand. Plaintiffs' complaint, while nominally constructed in five "counts," does not clearly delineate separate causes of actions in each count or seek separate damages for different wrongs. On the contrary, in the court's view, the counts are highly redundant, each complaining of essentially the same alleged wrong.

Finally, while there might have been merit to Balboa's argument that plaintiffs' punitive damages demand was properly aggregated to satisfy the requirement of a minimum $75,000 amount in controversy, in the court's opinion, plaintiffs' affidavit submitted with their rebuttal sufficiently clarifies that the two of them *together* seek *a total* of $10,000 in punitive damages (so

5

that each presumably seeks $5,000 in punitive damages). The court recognizes that a party may not change his damages demand by a post-removal affidavit to secure remand. See <u>Thrash v. New England Mut. Life Ins. Co.</u>, 534 F. Supp. 2d 691, 694 (S.D. Miss. 2008)("If it is facially apparent from the complaint that the amount in controversy exceeds $75,000 at the time of removal, 'post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.'") (quoting <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880, 883 (5th Cir. 2000)). "However, where the basis for jurisdiction is ambiguous at the time of removal, 'post-removal affidavits may be considered in determining the amount in controversy at the time of removal.'" <u>Id</u>, (quoting <u>Gebbia</u>, 233 F.3d at 883). See also <u>Taylor v. WMC Mortg. Corp.</u>, No. Civ. A. 3:05CV85LN, 2005 WL 1362997, *1 (S.D. Miss. June 2, 2005) (recognizing that while post-removal affidavits are not admissible to change a party's jurisdictional allegations, they may be considered to clarify a pleading which is ambiguous). In the court's opinion, plaintiffs' affidavit makes clear that the amount in controversy on the basis of their complaint is not more than $75,000, and the case, therefore, is due to be remanded.

In so holding, the court is mindful that Mississippi's procedural rules allow for the amendment of pleadings as late as at the close of evidence, before the case is presented to the jury; but the court accepts plaintiffs' representation, and that of their counsel, that they do not intend to amend their

complaint. However, as did the court in <u>Wilbanks v. North American Coal Corp.</u>,

> The Court presumes that the state trial judge would prohibit such an amendment as it would be allowing the Plaintiff[s] to perpetrate a fraud on this Court. Should Plaintiff[s], after the statutory limit for removal has passed, conveniently and coincidentally amend [their] pleading to seek damages in an amount greater than $75,000, this Court would entertain imposing the <u>Tedford</u> exception (which recognizes that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended."].[2] The Court would not take such behavior lightly.

334 F. Supp. 2d 921, 927 n.8 (S.D. Miss. 2004).

Based on the foregoing, it is ordered that plaintiffs' motion to remand is granted.

SO ORDERED this 10th day of March, 2009.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[2] <u>Tedford v. Warner-Lambert Co.</u>, 327 F.3d 423, 428-29 (5th Cir. 2003).